CARLOS M. JAMES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
James v. Commissioner
Docket No. 9629-74.
United States Tax Court
T.C. Memo 1976-247; 1976 Tax Ct. Memo LEXIS 157; 35 T.C.M. (CCH) 1068; T.C.M. (RIA) 760247; August 10, 1976, Filed *157 Carlos M. James, pro se. Richard W. Kennedy, for the respondent. RAUM
MEMORANDUM OPINION RAUM, Judge: The Commissioner determined a four hundred and sixty-seven dollar deficiency in petitioner's 1973 income tax. The deficiency was based upon the disallowance of two dependency exemptions and various itemized deductions. The petition filed in this Court challenged only the disallowance of the dependency exemptions in respect of petitioner's two children. The parties have filed a stipulation of facts which is incorporated herein by this reference. Petitioner had been married to Mieko I. James. They were divorced in 1972. Petitioner claimed dependency exemptions for their two children on his 1973 return. Neither child lived with petitioner during 1973; one (Mandy) resided with her mother, and the other (Donald) resided with his grandparents. The record fails to show what, if any, support was provided for the children by petitioner. When the case was called for trial petitioner refused to present any evidence as to the amount of support furnished by him and insisted merely that he was entitled to "claim" the children as his dependents. He offered *158 no evidence whatever (apart from the stipulation of facts), and argued primarily that he should prevail because the respondent had not filed his answer to the petition within the 60-day period provided in Rule 36(a) of our Rules. It appears that the petition was filed on December 12, 1974, and that on March 11, 1975, the respondent filed a motion for leave to file his answer out of time, giving an explanation for the delay and simultaneously submitting his proposed answer. The Chief Judge, in the exercise of his discretion, granted that motion on March 13, 1975, and the answer was filed on that day. Petitioner thereupon filed a document which the Court treated as a motion to dismiss on the ground that the answer had been filed out of time. By order dated April 1, 1975, that motion was denied by the Chief Judge. Petitioner now renews his contention in respect of the lateness of the answer. However, we regard the matter as settled by the foregoing orders of the Chief Judge. His action was fully authorized by Rule 25(c) [1] of our Rules and was entirely in accord with established practice. . *159 Since petitioner presented no evidence showing that the Commissioner erred in his determination of deficiency, we hold that the deficiency must be sustained for failure of petitioner to carry his burden of proof. Decision will be entered for the respondent. Footnotes
1. Rule 25(c) explicitly provides that "[unless] precluded by statute, the Court in its discretion may make longer or shorter any period provided by these Rules".↩